Filed 12/15/21  P. v. Reed CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093055 |
| Plaintiff and Respondent, | (Super. Ct. No. 10F05764) |
| v. | |
| BERNARD KRUNGGERUND REED, | |
| Defendant and Appellant. | |

A jury found defendant Bernard Krunggerund Reed guilty of first degree murder occurring during a robbery in 2010.  The jury also found true robbery-murder special circumstances for the murder.  Defendant recently petitioned the trial court for resentencing under Penal Code[1] section 1170.95 based on changes made to the felony-murder rule by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437).  The trial court denied defendant's petition, finding evidence from defendant's trial established

---

[1]     Undesignated statutory references are to the Penal Code.

1

defendant was ineligible for resentencing. On appeal, defendant argues the trial court erred in conducting a factual analysis of the special circumstance finding to disqualify him for relief. We will affirm.

## BACKGROUND

We take the basic facts of defendant's case from our opinion in his original appeal. (*People v. Reed* (Mar. 18, 2015, C071276) [nonpub. opn.] (*Reed*).)[2] On September 2, 2010, defendant and Kelvin Arnell Peterson robbed a pharmacy that Peterson had robbed by himself three weeks prior. Peterson handed a note to a pharmacy technician reading "We want all 800 Oxycontin. We will kill you." As the technician went to the back, the owner of the store activated the silent alarm while defendant took cash from one of the registers. When the owner handed Peterson the store's supply of Oxycontin, Peterson pointed a gun at the owner's head and said, "I want more." The owner's son, who also worked at the pharmacy, feared for his father's life and pulled out a gun but it failed to fire. After retreating to the back of the store, the son was able to fire at Peterson and a gun fight ensued. Tania Gurskiy, a pharmacy clerk, was shot in the head and died as a result, and another employee was shot in the foot. Defendant was arrested a week later at a Reno motel. (*Reed*, at pp. 4-6.)

The jury found defendant guilty of first degree murder (§ 187, subd. (a)) and robbery (§ 211), found true the special circumstance Gurskiy's murder occurred during the commission of a robbery (§ 190.2, subd. (a)(17)(A)), and found true the allegation he was vicariously armed with a firearm during the commission of the robbery/murder (§ 12022, subd. (a)(1)). (*Reed, supra*, C071276 at pp. 1-2.) The trial court also found

---

[2] On our own motion, we take judicial notice of this prior decision. (Evid. Code, § 452, subd. (d).)

2

true the allegation defendant had one prior serious felony conviction within the meaning of sections 667, subdivisions (b)-(i), and 1170.12. (*Reed*, at p. 2.)

Defendant appealed, arguing, among other issues, that there was insufficient evidence to support the robbery-murder special circumstance finding as to him, specifically that he acted with reckless indifference to human life. (*Reed, supra*, C071276 at pp. 3, 19.) After reviewing the evidence, we concluded "[s]ubstantial evidence supports the jury's finding [defendant] acted with reckless indifference to human life." (*Id*. at p. 24.) We dismissed defendant's other claims and affirmed the judgment. (*Id*. at p. 27.)

On April 3, 2019, defendant filed a petition for resentencing under section 1170.95 alleging he could not now be convicted of murder because of the changes made to sections 188 and 189. The petition alleged he was not the actual killer, did not aid or abet the murder with the intent to kill, and was not a major participant in the felony or act with reckless indifference to human life. The prosecution filed a response and a motion to dismiss and defendant's counsel filed an opposition.

On October 22, 2020, the trial court issued a written order denying defendant's petition. The court found defendant had not made a prima facie showing because the "facts and reasonable inferences" drawn from the trial evidence shows defendant was "a major participant in the underlying felony and acted with reckless indifference to human life." The trial court then detailed the relevant facts elicited from defendant's trial that demonstrated his ineligibility for resentencing under section 1170.95. The opinion also noted our finding in defendant's direct appeal that substantial evidence supported the jury's determination that defendant acted with reckless indifference to human life.

DISCUSSION

I

*Senate Bill 1437 and the Special Circumstance Finding*

Defendant argues that the special circumstance finding did not establish by law that he was ineligible for relief under section 1170.95. Defendant concedes the "jury necessarily determined that [defendant] acted with reckless indifference to human life, and was a major participant in the robbery." But he argues these findings are not fatal to his appeal because our Supreme Court clarified the special circumstance analysis after his conviction in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). We disagree.

The Legislature enacted and the Governor signed Senate Bill 1437, effective January 1, 2019 (Stats. 2018, ch. 1015, § 4), determining that the change in law was " 'necessary to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Superior Court (Gooden)* (2019) 42 Cal.App.5th 270, 275.) As pertinent here, Senate Bill 1437 added section 1170.95, which permits a person convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the murder conviction and resentence the person on any remaining counts if, among other things, the petitioner could not be convicted of first or second degree murder due to the change in the law. (§ 1170.95, subd. (a).)

Section 190.2, subdivision (d) provides that, for the purposes of those special circumstances based on the enumerated felonies in paragraph (17) of subdivision (a), which include robbery, an aider and abettor must have been a "major participant" and have acted "with reckless indifference to human life." (§ 190.2, subd. (d); *Tapia v.*

*Superior Court* (1991) 53 Cal.3d 282, 298.) Thus, on its face, a special circumstance finding satisfies the requirements for accomplice murder liability even after Senate Bill 1437. (§ 189, subd. (e).)

Since defendant's conviction, however, the Supreme Court has refined the analysis for who qualifies as a major participant acting with reckless indifference to human life in *Banks* and *Clark* and "construed section 190.2, subdivision (d) in a significantly different, and narrower manner than courts had previously construed the statute." (*People v. Torres* (2020) 46 Cal.App.5th 1168, 1179 (*Torres*), abrog. on another ground by *People v. Lewis* (2021) 11 Cal.5th 952, 963 (*Lewis*).) In some cases, defendants convicted prior to *Banks* and *Clark* have subsequently had their special circumstance findings reversed for insufficient evidence under the modified analysis. (See *In re Scoggins* (2020) 9 Cal.5th 667, 683.) A reversal of a special circumstance finding can qualify a defendant for resentencing under Senate Bill 1437 through section 1170.95. (See *People v. Ramirez* (2019) 41 Cal.App.5th 923 [where appellate court had previously determined on a habeas petition that the defendant was not a major participant in the underlying felony and did not act with reckless indifference to human life, the trial court was required to vacate the defendant's murder conviction and resentence him under § 1170.95].)

There is a split of authority on whether a defendant with a special circumstance finding must first seek relief under *Banks*/*Clark* through a habeas petition before filing a section 1170.95 petition. (See *People v. Gomez* (2020) 52 Cal.App.5th 1, 17 (*Gomez*) [defendants seeking relief on the basis of *Banks*/*Clark* must do so through habeas corpus], review granted Oct. 14, 2020, S264033; *People v. Galvan* (2020) 52 Cal.App.5th 1134, 1142-1143 (*Galvan*) [same], review granted Oct. 14, 2020, S264284; *People v York* (2020) 54 Cal.App.5th 250, 260 ["We part ways with *Galvan* and *Gomez* because we do not agree that section 1170.95 requires a defendant to challenge a pre-*Banks* and *Clark* special circumstance finding in a habeas corpus proceeding before he or

she may successfully challenge the underlying murder conviction in a section 1170.95 proceeding"], review granted Nov. 18, 2020, S264954.)

Defendant urges us to follow *Torres, supra*, 46 Cal.App.5th 1168 (and cases that follow it), which reversed the denial of a section 1170.95 petition based on the changes made by *Banks* and *Clark*. In *Torres*, as in this case, the defendant was convicted of first degree murder with a special circumstance finding under section 190.2, subdivision (a)(17). (*Torres,* at p. 1172.) The *Torres* court concluded the summary denial of the defendant's petition based on the pre-*Banks*/*Clark* special circumstance finding raised the "possibility that [the defendant] was punished for conduct that is not prohibited by section 190.2 as currently understood, in violation of [the defendant's] constitutional right to due process" and, as relevant here, reversed and remanded. (*Torres,* at p. 1180.)

Torres had already sought habeas relief, claiming the special circumstance finding was no longer valid; his petition for relief had been denied. (*Torres, supra*, 46 Cal.App.5th at p. 1180, fn. 4.) The appellate court considered whether that habeas petition precluded the section 1170.95 petition but did not opine on whether habeas relief was more appropriate in light of section 1170.95's statutory language.

We agree with those authorities finding subsequent to *Torres* that section 1170.95 is not the appropriate avenue to challenge a special circumstance finding under *Banks* and *Clark*. (See *Gomez, supra*, 52 Cal.App.5th at p. 17, review granted; *Galvan, supra* 52 Cal.App.5th at pp. 1142-1143, review granted; *People v. Allison* (2020) 55 Cal.App.5th 449, 458-462; *People v. Jones* (2020) 56 Cal.App.5th 474, 491-492, review granted Jan. 27, 2021, S265854.)

The purpose of section 1170.95 is to permit resentencing for individuals who could not now be convicted under sections 188 and 189 because of Senate Bill 1437. (Stats. 2018, ch. 1015 ["This bill would provide a means of vacating the conviction and resentencing a defendant" where "the defendant could not be charged with murder after the enactment of this bill"].) One of the three initial conditions for section 1170.95 to

6

apply is "[t]he petitioner could not be convicted of first or second degree murder *because of changes to Section 188 or 189* made effective January 1, 2019." (§ 1170.95, subd. (a)(3), italics added.) Defendants who are potentially eligible for relief because of the modified special circumstances analysis do not satisfy this initial hurdle because they would have been able to seek relief via a habeas petition regardless of Senate Bill 1437. (See *In re Miller* (2017) 14 Cal.App.5th 960, 976-977, 980 [granting a habeas corpus petition before passage of Sen. Bill 1437 after finding insufficient evidence supported special circumstance finding under *Banks* and *Clark*].)

Permitting a *Banks*/*Clark* review by way of a section 1170.95 petition also would shift the burden from the defendant under a substantial evidence review (as in a habeas petition challenging the sufficiency of the evidence) to the prosecutor under a beyond-a-reasonable-doubt standard (as in a section 1170.95 hearing). (See *Gomez, supra*, 52 Cal.App.5th at p. 17, review granted.) Further, there is an indication in the statutory text that the Legislature assumed a defendant first would seek relief in a habeas petition. Section 1170.95, subdivision (d)(2) provides: "If there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner." This provision requires trial courts to grant a section 1170.95 petition if a court has reversed a special circumstance finding under *Banks* and *Clark*. (*People v. Ramirez, supra*, 41 Cal.App.5th at p. 933.)

We conclude, therefore, a section 1170.95 petition is not the proper avenue to challenge a special circumstance finding. And since defendant's special circumstance finding was not previously overturned through a habeas corpus proceeding, the trial court here properly denied defendant's section 1170.95 petition.

II

*The Trial Court's Analysis*

Defendant also contends the trial court performed an improper factual analysis, so we must remand for the trial court to issue an order to show cause and hold an evidentiary hearing. We again disagree.

" '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Lewis*, *supra*, 11 Cal.5th at p. 971.) "[T]he time for weighing and balancing and making findings on the ultimate issues arises at the evidentiary hearing stage rather than the prima facie stage, at least where the record is not dispositive on the factual issues." (*People v. Duchine* (2021) 60 Cal.App.5th 798, 815.) Prior appellate decisions in the defendant's case "are generally considered to be part of the record of conviction." (*Lewis*, at p. 972.)

The trial court should not have analyzed the "facts and reasonable inferences" from defendant's trial; this type of analysis is reserved for an evidentiary hearing. But it did not need to do such an analysis to determine whether defendant made a prima facie showing because it was permitted to review the record of conviction, including relying on our prior opinion. The jury instructions and verdicts establish the jury necessarily found defendant was a major participant who acted with reckless indifference to human life. (See *Reed, supra*, C071276 at p. 22 ["The prosecution contended, and the jury found, that [defendant] acted with reckless indifference to human life as required by section 190.2, subdivision (d)"]; *id*. at p. 22, fn. 10 ["[defendant] concedes there is sufficient evidence he was a 'major participant in the robbery' "].) In our prior opinion, we determined the special circumstance finding was supported by substantial evidence. Under stare decisis, the trial court was bound by this ruling. (*Auto Equity Sales, Inc. v. Superior Court* (1962)

8

57 Cal.2d 450, 455-456.) As discussed above, the special circumstance finding renders defendant ineligible for relief. The trial court therefore should have simply relied on our prior finding to deny defendant's petition without improperly reevaluating the evidence. Defendant was ineligible for relief as a matter of law. "[W]e will affirm a judgment correct on any legal basis, even if that basis was not invoked by the trial court. [Citation.] There can be no prejudicial error from erroneous logic or reasoning if the decision itself is correct." (*Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 269.)

DISPOSITION

The trial court's denial of defendant's section 1170.95 petition is affirmed.


\s\
BLEASE, Acting P. J.


We concur:


\s\
ROBIE, J.


\s\
DUARTE, J.

9